MARTÍN HERNÁNDEZ, Appellant, *v* .INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; LUIS ESTRELLA, Claimant.

No. 236. Argued March 9, 1942.—Decided March 20, 1942.

*Carlos D. Vázquez* for appellant. *Virgilio Brunet* and *José L. Novas* for claimant.

MR. JUSTICE SNYDER delivered the opinion of the court.

This is a petition for review of an order of the Industrial Commission awarding compensation to a workman for the loss of his left index finger while working as a carpenter's helper for the petitioner, a non-insured employer.

The Commission held in its order of October 17, 1941, that "on some occasions said employer had working for him more than four workmen on the job where Luis Estrella Zambrana was injured and although this was not so at the time of the accident under consideration, in accordance with the doctrine laid down by the Supreme Court of Puerto Rico in *José Rivera Rivera* v. *Juan de Dios Santini* (56 P.R.R. 345), it was his duty to insure his workmen . . . ". By order of November 19, 1941, the Commission, in denying a motion for reconsideration, stated that the workman's injury was compensable by the petitioner because "prior to the date of the accident he had employed more than 3 workmen without being insured . . . ".

*Santini* v. *Industrial Commission*, 56 P.R.R. 345, holds that a particular job must be covered at all times by workman's compensation insurance if four or more workmen were ever employed on that job at any time during the course of the job. The Commission, in its order of November 19, 1941, overruling the motion for reconsideration, recognized that it had fallen into error in its order of October 17 in resting its award on the *Santini* case. There is no testimony in the record that more than two workmen ever worked on the job on which the workman in this case was injured.

The only other ground on which the award could be sustained would therefore be that the petitioner regularly employed four or more workmen. Sections 2 and 38, Act No. 45, Laws of Puerto Rico of 1935. Section 38 provides that workmen "whose work is of a temporary nature" are expressly excluded. The Commission made no such finding of regular and permanent employment here. The Commission simply indicated that previous to the date of the accident the petitioner employed more than three workmen.

The testimony was that the petitioner repaired whenever necessary 25 wooden houses owned by his sister. His own business was buying and selling houses and loaning money on mortgages. Except for the injured workman, all the witnesses testified that they did not work permanently for the employer, but only on such occasions as he required their services. His workmen were paid by the day whenever they worked. There was testimony that during 1940 repairs were made by Hernández on 8 different houses belonging to his sister. On one of them 10 or 11 workmen were engaged at one time. And on another occasion three jobs requiring a total of four workmen were carried on at the same time. But in the absence of regular and permanent employment of four or more workmen throughout the year, the employer was required at the most to insure each job on which four or more workmen were employed. As there was no evidence that either of these conditions existed in this case, there were

no facts on which the Commission could have properly based its award.

The petitioner also alleges that testimony was admitted over his objection in the hearing on the motion for reconsideration which went beyond the allegations of the motion. In view of the conclusion we have reached, it is not necessary to consider this alleged error.

The order of the Industrial Commission will be reversed.

Mr. Justice Travieso did not participate herein.